**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0000176**
**28-SEP-2015**
**08:32 AM**

NO. CAAP-13-0000176

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KEVIN SCOTT MCDONALD, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-12-02420)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Kevin Scott McDonald (McDonald) appeals from a Notice of Entry of Judgement and/or Order and Plea/Judgment entered on February 14, 2013, in the District Court of the First Circuit, Honolulu Division[1] (district court). McDonald was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII) in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2014).[2]

---

[1] The Honorable David Lo presided.

[2] HRS § 291E-61(a)(1) provides:

§291E-61 Operating a vehicle under the influence of an intoxicant. (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

On appeal, McDonald's one point of error is that the district court erred by denying his motion to dismiss Plaintiff-Appellee State of Hawai'i's (State) complaint because it failed to define the term "alcohol."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve McDonald's point of error as follows and affirm.

McDonald contends that the State was required to include in its complaint the statutory definition of "alcohol" provided in HRS § 291E-1 (2007).[3] McDonald contends that without the definition, the complaint did not sufficiently apprise him of the accusations he must be prepared to meet at trial.

This contention was rejected in State v. Turping, No. CAAP-13-0002957, 2015 WL 792715, (App. Feb. 25, 2015, revised Mar. 19, 2015), cert rejected, No. SCWC-13-0002957 (May 20, 2015).

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgement and/or Order and Plea/Judgment entered on

---

[3] HRS § 291E-1 provides in pertinent part:

> "Alcohol" means the product of distillation of any fermented liquid, regardless of whether rectified, whatever may be the origin thereof, and includes ethyl alcohol, lower aliphatic alcohol, and phenol as well as synthetic ethyl alcohol, but not denatured or other alcohol that is considered not potable under the customs laws of the United States.

February 14, 2013, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:   Honolulu, Hawai'i, September 28, 2015.

On the briefs:

Jonathan Burge,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge